IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

        Plaintiff,

vs.                                                                  Case No. 16-3254-JTM

KRISTEN PATTY, *et al.*,

        Defendants.

MEMORANDUM AND ORDER

As previously documented by the court in a separate action, plaintiff Patrick Lynn is a highly litigious Kansas inmate. *See Lynn v. Kansas*, No. 16-3089-JTM, Dkt. 18 (Aug. 5, 2016). In its Order of August 5, 2016, the court recognized that Lynn, a three strikes litigant under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), is subject to substantial restrictions on his ability to present additional litigation, and the court dismissed his First Amendment claim that prison authorities were conspiring to interfere with his pursuit of five civil cases in Kansas state courts.

The court also cautioned Lynn that future litigation under § 1915(g)'s "imminent danger" exception was limited:

> There is only one exception to the prepayment requirement in Section 1915(g), and it is available to a prisoner who is under imminent danger of

> serious physical injury. The three-strikes litigant bears the burden to allege "specific credible allegations" of imminent physical danger. *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011)(quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001)). ***Vague, conclusory allegations are clearly insufficient***. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1180 (10th Cir. 2011)(citing *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)).

*Id.* at 2-3 (emphasis added). *See also Lynn v. Roberts*, 2011 WL 3667171 at *1-*3 (D.Kan. 2011).

After this order, Lynn filed a new Complaint which again focuses on the existence of "a criminal conspiracy" among state officials to "eviscerate [his] 1st Amendment rights of privacy, freedom of speech & association & to meaningfully petition the courts for redress." (Dkt. 1 at 1). While the thrust of the case thus remains the same, Lynn adds a gloss of a potential injury to his health. However, the allegations do not present specific and credible allegations of imminent physical danger.

Most of Lynn's new complaints are apparently tied to complications from a July 2014 heart bypass by surgery, which itself has apparently generated separate civil malpractice actions. Thus, his allegations are premised on a condition which has existed for more than two years. Lynn also complains that prison authorities have modified his diet. (Dkt. 7, at 1). Lynn intermingles these conclusory allegations regarding medical treatment with continuing complaints of a retaliatory conspiracy which match those in his earlier, rejected action. Lynn has also made no attempt to demonstrate the existence of a specific and credible risk to his health in subsequent requests to amend his complaint. A review of all of the pleadings indicates that Lynn is simply using a pre-existing health condition to resurrect a claim previously dismissed by the court in Case No. 16-3089-JTM.

IT IS ACCORDINGLY ORDERED this 28th day of February, 2017, that the Plaintiff's Motions for Leave to Proceed (Dkt. 3) and Motions for Extension and Amendment (Dkt. 9, 11) are hereby denied, and the present action is hereby DISMISSED.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE